UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Astor EB-5, LLC,   Case No. 18-24170-BKC-AJC
   Chapter 11
    Debtor.
_____/

Astor EB−5, LLC,   Adv. Case No. 19−01203−AJC

    Plaintiff,

v.

Astor EB−5 Funding, LLC,

    Defendant.
_____/

## DEFENDANT ASTOR EB−5 FUNDING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Astor EB−5 Funding, LLC (*"Defendant"*), by and through undersigned counsel, files its Answer and Affirmative Defenses. Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Defendant consents to the entry of final orders and judgment by the Bankruptcy Court.

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, which are therefore denied.

2. Admitted.

3. Admitted.

4. Admitted that: (1) the Chapter 11 Case commenced on November 14, 2019 when Plaintiff filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code; and (2) that prior to the filing of the petition, Hart was the managing member of Plaintiff. Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4, which are therefore denied.

5.      Admitted that Hart incorporated Plaintiff, that Plaintiff acquired a 42-room hotel known as the Astor Hotel, and that on August 20, 2013 the Assignment of Leases was recorded in the Miami-Dade County Official Records Book 28800 at Page 951. The Assignment of Leases attached to the Complaint as Exhibit A otherwise speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5, which are therefore denied.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, which are therefore denied.

7.      Admitted that Defendant filed the Stay Relief Motion requesting an order determining the Ground Lease to have been rejected by Plaintiff and surrendering the Property. The Stay Relief Motion otherwise speaks for itself. Defendant specifically denies that the mortgage in favor of Defendant was unauthorized and specifically denies that Hart or Intercapital Data LLC owned any interest in Defendant in August 2017. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7, which are therefore denied.

8.      Admitted that the Mortgage was recorded in the Official Records of Miami-Dade County at Book 30657, Page 1099 on August 16, 2017, and that the Mortgage was also recorded in the Official Records of Miami-Dade County at Book 30813, Page 4731. The documents attached to the Complaint as Exhibits B and C otherwise speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8, which are therefore denied.

9. Denied.

10. Admitted that the UCC Financing Statement was recorded in Official Records Book 30657 at Page 1113. The UCC Financing Statement attached to the Complaint as Exhibit D otherwise speaks for itself. The remaining allegations in paragraph 10 are denied.

11. Admitted that on October 1, 2018, the Landlord filed the Eviction Action. The remaining allegations in paragraph 11 are denied.

12. Admitted.

13. Admitted only that the Agreed Order was entered in the Eviction Action on April 17, 2019. The Agreed Order attached to the Complaint as Exhibit E otherwise speaks for itself. The remaining allegations in paragraph 13 are denied.

## COUNT I
### (Fraudulent Transfer)

14. Defendant restates and incorporates its responses as stated in paragraphs 1 through 13.

15. Paragraph 15 contains no factual allegations, just Plaintiff's assertion of a legal position or conclusion to which no response is appropriate or required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, which are therefore denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

Plaintiff's Wherefore clause does not contain factual allegations that require a response. To the extent a response is required, Defendant denies all liability and denies that Plaintiff is entitled

to relief. Defendant specifically denies that Plaintiff is entitled to or properly pleaded a claim for prevailing party attorneys' fees.

## COUNT II
### (Declaration)

20. Defendant restates and incorporates its responses as stated in paragraphs 1 through 13.

21. Paragraph 21 contains no factual allegations, just Plaintiff's assertion of a legal position or conclusion to which no response is appropriate or required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, which are therefore denied.

22. Admitted.

23. Paragraph 23 contains no factual allegations, just Plaintiff's assertion of a legal position or conclusion to which no response is appropriate or required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, which are therefore denied.

Plaintiff's Wherefore clause does not contain factual allegations that require a response. To the extent a response is required, Defendant denies all liability and denies that Plaintiff is entitled to relief. Defendant specifically denies that Plaintiff is entitled to or properly pleaded a claim for prevailing party attorneys' fees.

## COUNT III
### (Quiet Title)

24. Defendant restates and incorporates its responses as stated in paragraphs 1 through 13.

25. Paragraph 25 contains no factual allegations, just Plaintiff's assertion of a legal position or conclusion to which no response is appropriate or required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, which are therefore denied.

26. Admitted.

27. The Assignment of Leases attached to the Complaint as Exhibit A speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27, which are therefore denied.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, including all subparts, which are therefore denied. The referenced documents attached to the Complaint as Exhibits F, G, H, I, J, K and L speak for themselves.

29. Denied.

30. Admitted that Defendant claims an interest in the Property by virtue of the Mortgage, which speaks for itself, but denied that such interest is inferior in right, title and interest to the interest of Plaintiff.

31. Admitted that Defendant claims an interest in the Property by virtue of the UCC Financing Statement, which speaks for itself, but denied that such interest is inferior in right, title and interest to the interest of Plaintiff.

32. Denied.

33. Denied.

34. Denied.

Plaintiff's Wherefore clause does not contain factual allegations that require a response. To the extent a response is required, Defendant denies all liability and denies that Plaintiff is entitled to relief. Defendant specifically denies that Plaintiff is entitled to or properly pleaded a claim for prevailing party attorneys' fees.

## COUNT IV
### (Slander of Title)

35.    Defendant restates and incorporates its responses as stated in paragraphs 1 through 13.

36.    Defendant specifically denies that the Mortgage and UCC Financing Statement are unauthorized, that such documents were executed and/or publicly recorded *ultra vires* or other otherwise legally invalid. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36, which are therefore denied.

37.    Denied.

38.    Admitted only that the Mortgage and the UCC Financing Statement were recorded in the Official Records of Miami-Dade County. Otherwise, the remaining allegations in paragraph 38 are denied.

39.    Denied.

40.    Denied.

41.    Denied.

Plaintiff's Wherefore clause does not contain factual allegations that require a response. To the extent a response is required, Defendant denies all liability and denies that Plaintiff is entitled to relief. Defendant specifically denies that Plaintiff is entitled to or properly pleaded a claim for prevailing party attorneys' fees and punitive damages.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Each of the claims in the Complaint fail to state a cause of action for which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of waiver. With knowledge that the subject transactions were avoidable or otherwise unenforceable, Plaintiff accepted and utilized the funds lent by Defendant, thus intentionally relinquishing any rights it may have ever had to avoid the subject transactions or otherwise have them declared unenforceable.

### Third Affirmative Defense

Plaintiff has failed to identify any creditors to which the transfers complained of in the Complaint were fraudulent and without creditors, there is no cause of action for fraudulent transfer under Fla. Stat. § 726.105.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of unjust enrichment. Given that Plaintiff received significant value in exchange for the Mortgage and UCC Financing Statement, any recovery by Plaintiff in this action to avoid such transfers would result in unjust enrichment to the detriment of Defendant.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole in in part by Plaintiff's unclean hands, including but not limited to the equitable relief sought in its counts for a Declaratory Judgment and Quiet Title. More specifically, Plaintiff complains that its managing member, David Hart, committed fraud in granting the Mortgage and UCC Financing Statement in favor of Defendant without required

authorization. That is a fraud against Defendant at the hands of Plaintiff resulting in injury to Defendant, which bars any relief to Plaintiff.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part by Plaintiff's own fraud. More specifically, Plaintiff complains that its managing member, David Hart, committed fraud in granting the Mortgage and UCC Financing Statement in favor of Defendant without required authorization. That is a fraud against Defendant at the hands of Plaintiff resulting in injury to Defendant, which bars any relief to Plaintiff.

### Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of laches, including but not limited to its equitable claims for a Declaratory Judgment and Quiet Title. Plaintiff had actual or constructive knowledge of the Mortgage and the UCC Financing Statement no later than August 2017, nearly two years prior to the filing of this action. Plaintiff's unreasonable delay and lack of diligence in asserting its claims is severely prejudicial to Defendant and bars the relief Plaintiff now seeks.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel. Defendant has in good faith relied upon the conduct of Plaintiff, acting through its member and agent David Hart, in lending Plaintiff money and taking the Mortgage and UCC Financing Statement as security. Further, Plaintiff has already taken a sworn position in its schedules that the debt owed to Defendant is valid. Plaintiff is estopped from now asserting contradictory positions, including but not limited to: (1) denying receipt of the benefit of $4.5 million and (2) denying that in 2013 its members adopted a resolution to authorize David Hart and Frederic Richardson to enter into an

execute the Mortgage and Loan Agreements, in order to avoid the Mortgage and UCC Financing Statement now that it has decided it would be beneficial to do so. Similarly, Plaintiff is estopped from now denying that in 2013, it represented to the United States Citizenship and Immigration Services that it would enter into the Mortgage and Loan Agreements with Defendant.

**Ninth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the doctrine of ratification. With full knowledge of the material facts concerning the loans from Defendant, the Mortgage and the UCC Financing Statement, Plaintiff adopted those actions it now purports to have been done without authority by, including without limitation, utilizing the funds lent thus ratifying the subject transactions.

**Tenth Affirmative Defense**

Plaintiff's claim for Slander of Title is barred in whole or in part based on Defendant's good faith. More specifically, Defendant had a good faith belief that the Mortgage and Financing Statement were valid and enforceable and that neither were a false nor malicious statement at the time that such documents were recorded.

**Eleventh Affirmative Defense**

To the extent the issues raised in the Complaint were previously raised in any other proceedings, including but not limited to the case styled *Fabiola Renza de Valenzuela, et al v. Astor EB-5, LLC, et al*, Case No. 2018-007415, filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, such issues or claims may be barred by the doctrines of res judicial and/or collateral estoppel.

**Twelfth Affirmative Defense**

Plaintiff lacks standing to pursue some or all of its claims, including but not limited to its claim for Fraudulent Transfer.

Defendant reserves the right to amend, modify and/or supplement these Affirmative Defenses as further facts become known, either through discovery or otherwise, and on any other reasonable basis.

**DEMAND FOR ATTORNEYS' FEES AND COSTS**

To the extent permitted by law and the agreements between the parties, Defendant demands all of its attorneys' fees and costs incurred in defending against Plaintiff's claims in this action.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on August 20, 2019, via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached Exhibit 1.

s/ Peter D. Russin
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@melandrussin.com
Meaghan E. Murphy
Florida Bar No. 102770
mmurphy@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Defendant*

# Exhibit 1

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Ricardo Corona    bk@coronapa.com, rcorona@coronapa.com
- Adam I Skolnik    askolnik@skolniklawpa.com, bk.skolniklaw@gmail.com;skolnikar45106@notify.bestcase.com