UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Astor EB-5, LLC,                                    Case No. 18-24170-BKC-AJC
                                                    Chapter 11
    Debtor.
_____/

Astor EB-5, LLC,                                    Adv. Case No. 19−01203−AJC

    Plaintiff,

v.

Astor EB−5 Funding, LLC,

    Defendant.
_____/

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S PRAYERS FOR ATTORNEYS' FEES AND PUNITIVE DAMAGES**

    Defendant Astor EB−5 Funding, LLC (*"Defendant"*), pursuant to Federal Rule of Civil Procedure 12(f), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), moves to strike Plaintiff, Astor EB-5, LLC's (*"Plaintiff"*) prayers for prevailing party attorneys' fees in Counts I-IV and punitive damages in Count IV of the Complaint (the *"Motion"*), and in support states as follows:

    1.    On July 2, 2019, Plaintiff filed its Complaint [ECF No.1] the (*"Complaint"*). The Complaint contains four causes of action: (1) fraudulent transfer (*"Count I"*); (2) declaratory judgment (*"Count II"*); (3) quiet title (*"Count III"*); and (4) slander of title (*"Count IV"*).

    2.    Plaintiff has demanded prevailing party attorneys' fees in each of Counts I-IV. For the reasons below, Plaintiff's demands for prevailing party attorneys' fees must be stricken from each Count.

3. Additionally, Plaintiff has demanded punitive damages in Count IV. However, Plaintiff's allegations amount to no more than conclusory recitations of the elements of slander of title and are insufficient to support a claim for punitive damages and there is no record evidence supporting any such claim. Accordingly, Plaintiff's demand for punitive damages in Count IV should be stricken.

## LEGAL ARGUMENT AND AUTHORITIES

### I.    Prevailing Party Attorneys' Fees

It is well-known that "[i]n the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fees from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Florida law also follows this "American Rule," and "each party generally bears its own attorneys' fees unless a contract or statute provides otherwise." *United States v. Pepper's Steel & Alloys, Inc.*, 289 F.3d 741, 742 (11th Cir. 2002), certified question answered, 850 So. 2d 462 (Fla. 2003) (internal citations omitted). Accordingly, Plaintiff's demands for prevailing party attorneys' fees must be supported by contract or statute.

Count I is brought pursuant Florida's Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101, et seq. ("**FUFTA**"). There is no statutory fee provision in FUFTA. While FUFTA does contain what is commonly known as the "catchall provision," which authorizes courts to grant "[a]ny other relief the circumstances may require," this does not provide a sufficient basis for attorneys' fees. Fla. Stat. § 726.108(c)(3); *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Services*, 872 F. Supp. 2d 1353, 1364 (S.D. Fla. 2012) Plaintiff has identified no other potential basis for an award of prevailing party attorneys' fees. Accordingly, the demand in Count I for prevailing party attorneys' fees should be stricken.

Count II seeks a declaratory judgment and is brought pursuant Fla. Stat. § 86.011, et seq. ("***Declaratory Judgments Act***"). There is no statutory fee provision in the Declaratory Judgments Act. While the Declaratory Judgments Act does provide for an award of costs as may be equitable, costs do not include attorneys' fees. Fla. Stat. § 86.081; *Price v. Tyler*, 890 So. 2d 246, 252 (Fla. 2004). Plaintiff has identified no other potential basis for an award of prevailing party attorneys' fees. Accordingly, the demand in Count II for prevailing party attorneys' fees should be stricken.

Count III seeks a judgment quieting title and is brought pursuant Fla. Stat. § 65.011, et seq. ("***Quiet Title Act***"). There is no statutory fee provision in the Quiet Title Act. While the Quiet Title Act does provide for an award of costs as may be necessary to protect the rights of the parties, it does not permit the recovery of attorneys' fees. Fla. Stat. § 65.011; *Price*, 890 So. 2d at 253. Plaintiff has identified no other potential basis for an award of prevailing party attorneys' fees. Accordingly, the demand in Count III for prevailing party attorneys' fees should be stricken.

Count IV seeks a judgment for damages for slander of title. Plaintiff has cited no contractual or statutory basis for an award of prevailing party attorneys' fees in a slander of title action. Instead, attorneys' fees may only be awarded as special damages. *Bloom v. Weiser*, 348 So. 2d 651, 653 (Fla. 3d DCA 1977). Plaintiff has already demanded attorneys' fees in its demand for special damages. See Complaint, ¶ 42(a). Plaintiff has not identified any other potential basis for an award of prevailing party attorneys' fees, thus its extraneous demand for prevailing party attorneys' fees in Count IV should be stricken.

II. **Punitive Damages**

Section 768.72, Florida Statutes, provides in pertinent part as follows:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure.

This statute is applicable in adversary proceedings. *In re Johnson*, 453 B.R. 433, 438-439 (Bankr. M.D. Fla. 2011). Unlike in Florida state courts, a plaintiff may plead an entitlement to punitive damages in its initial complaint. *Id.* at 439. However, that pleading may still be challenged if the pleader fails to comply with the statute and demonstrate a reasonable basis for punitive damages based on record evidence or proffer evidence any evidence supporting such a request. *Id.* Conclusory allegations of entitlement based on willful, intentional, knowing, or malicious conduct , or formulaic recitations of the elements of slander of title, are insufficient to demonstrate a reasonable basis for punitive damages in an initial complaint. *Id.*

The allegations in Count IV fail to demonstrate either record evidence or a proffer that would provide a reasonable basis for punitive damages. Without citations to ultimate fact, Count IV merely alleges that Defendant reasonably should have known that the Mortgage and UCC Financing Statement were falsehoods, and that it acted with malice and reckless indifference to the truth of the representations made in the Mortgage and UCC Financing Statement. See Complaint, ¶¶ 39-40.

Taken as a whole, the Complaint at most pleads that Plaintiff's own managing member individually committed fraud upon both Plaintiff and Defendant and that Defendant did not provide adequate consideration for the Mortgage and UCC Financing Statement. Even if it were true that Defendant did not provide adequate consideration (which is false), that alone is not a reasonable basis for punitive damages. Otherwise every fraudulent transfer claim could potentially include an award of punitive damages. Instead, Plaintiff's allegations amount to no

more than conclusory statements of malicious conduct and are insufficient to demand punitive damages.

WHEREFORE, the Defendant respectfully requests that the Court enter an Order granting this Motion, striking Plaintiff's demands for prevailing party attorneys' fees and punitive damages, and granting such other and further relief as the Court may deem just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on August 20, 2019, via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached Exhibit 1.

                        s/ Peter D. Russin
                        Peter D. Russin, Esquire
                        Florida Bar No. 765902
                        prussin@melandrussin.com
                        Meaghan E. Murphy
                        Florida Bar No. 102770
                        mmurphy@melandrussin.com
                        MELAND RUSSIN & BUDWICK, P.A.
                        3200 Southeast Financial Center
                        200 South Biscayne Boulevard
                        Miami, Florida  33131
                        Telephone: (305) 358-6363
                        Telecopy: (305) 358-1221
                        *Attorneys for Defendant*

# Exhibit 1

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Ricardo Corona    bk@coronapa.com, rcorona@coronapa.com
- Adam I Skolnik    askolnik@skolniklawpa.com, bk.skolniklaw@gmail.com;skolnikar45106@notify.bestcase.com